**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **CDG ARCHITECTS LLC,** | : | Civil Action No. 23-3483 (JTQ) |
| Plaintiff, | : | |
| v. | : | **OPINION** |
| **CHAI CARE LLC, et al.,** | : | |
| Defendants. | : | |

QUINN, U.S.M.J.

Before the Court are (1) a motion by Plaintiff for entry of judgment against Chai Care LLC ("Chai") and David Weinberger (together, the "Settling Defendants"), ECF No. 103; and (2) a motion by Adam S. Kessler, Esq. and Kessler Law, LLC (together, "Movant") to withdraw as counsel for Chai, Moshe Ekstein, Israel Rosman, Zalmen Horowitz, and David Weinberger (collectively, "Defendants"), ECF No. 108. Neither motion is opposed.

I. Motion to Withdraw

The Court first addresses the motion to withdraw. Under this District's Local Rules, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." L. Civ. R. 102.1. In deciding whether to permit withdrawal, courts consider four factors: (1) the reason withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal may cause to the administration of justice; and (4) the degree to which withdrawal may

delay the resolution of the case. *United States ex rel. Cherry Hill Convalescent Ctr., Inc. v. Healthcare Rehab Sys., Inc.*, 994 F. Supp. 244, 252-53 (D.N.J. 1997). The decision whether to grant a motion to withdraw lies within a court's sound discretion. *Haines v. Liggett Grp., Inc.*, 814 F. Supp. 414, 422-23 (D.N.J. 1993).

Movant's papers include a certification of counsel that, among other things, states that there has been a breakdown of the attorney-client relationship between Defendants and Movant. ECF No. 108-1 ¶ 11. As a result, Movant states that it can no longer effectively represent Defendants in this case. *Id.*

Movant advised Defendants of the filing of this motion. *Id.* ¶ 15. Defendants have not opposed their counsel's withdrawal. Defendants were also advised of their right to consult and retain new counsel. *Id.* In the ample time since the filing of this motion, no new counsel has appeared for Defendants, nor have Defendants advised the Court of any intention to retain new counsel should the motion be granted.

Having carefully considered Movant's submission in conjunction with the above-cited factors, the Court finds that the circumstances here weigh in favor of granting the motion. The reported breakdown in the attorney-client relationship favors withdrawal. Further, given the case's post-settlement posture and the Court's resolution of the pending enforcement request below, withdrawal will not materially prejudice the other litigants, impair the administration of justice, or delay resolution of the pending requests. Movant's motion to withdraw is granted.[1]

---

[1] Although Chai, as a limited liability company, cannot proceed without counsel, the Court finds that this consideration does not warrant denying withdrawal under the

II. Motion for Entry of Judgment

In or about May 2025, the parties entered into a settlement agreement (the "Agreement") resolving this case. ECF No. 104. According to Plaintiff, Settling Defendants have defaulted on their payment obligations under the Agreement. Plaintiff therefore seeks entry of judgment against them in accordance with the Agreement's terms. ECF No. 103.

A court has jurisdiction to enforce a settlement agreement following the dismissal of an action if "(1) the court retains jurisdiction, either by expressly doing so or by incorporating the terms of the settlement into its dismissal order, or (2) there is an independent basis for federal jurisdiction." *Mediterranean Shipping Co. (Canada) Inc. v. Beacon Logistics, LLC*, 2025 WL 3719716, at *2 (D.N.J. Dec. 23, 2025) (quoting *Guiuan v. Villaflor*, 544 Fed. App'x 64, 65 (3d Cir. 2013)). Here, in the Stipulation and Order dismissing this action, the Court expressly retained jurisdiction "over any and all matters pertaining to the parties' settlement agreement, including entry and enforcement of any judgments confessed by Defendants . . . ." ECF No. 102. The Court, therefore, has jurisdiction over the present dispute.

A motion to enforce a settlement is governed by the same standard as a motion for summary judgment. A court will enforce a settlement "when the moving party demonstrates that there is no genuine issue of material fact and the evidence

circumstances presented, particularly given the resolution of the pending motion for entry of judgment.

establishes the moving party's entitlement to judgment as a matter of law." *Mediterranean Shipping*, 2025 WL 3719716, at *2 (quoting *McKeon v. City of Asbury Park*, 2020 WL 5747886, at *4 (D.N.J. Sept. 25, 2020)). As explained below, the undisputed record establishes that Plaintiff is entitled to entry of judgment in accordance with the Agreement.

Under the Agreement, Plaintiff was to receive $275,000.00, of which Weinberger personally guaranteed $150,000.00. ECF No. 104 at 2. The Agreement provided for payment in installments according to a specified schedule running through June 2028. *Id.*

In the event of a default under the Agreement, including nonpayment, the parties agreed that Plaintiff could obtain judgment as follows: (1) against Chai in the amount of $275,000.00, less any payments made; and (2) against Weinberger in the amount of $150,000.00, less any payments made. *Id.* at 5-6. As required by the Agreement, Chai and Weinberger executed Warrants of Attorney for Confession of Judgment in the amounts of $275,000.00 and $150,000.00, respectively. *Id.* at 6; ECF Nos. 103-7 (Chai Warrant), 103-8 (Weinberger Warrant). The Agreement also provided for up to $30,000 in reasonable attorneys' fees incurred in enforcing its terms. ECF No. 104 at 9.

Payments have not been made in accordance with the Agreement. Between June and November 2025, Plaintiff received payments totaling $52,777.76. ECF No. 103-2 ¶ 10. According to Plaintiff, no additional payments had been received as of the filing of this motion, leaving $222,222.24 unpaid. *Id.* As required by the Agreement,

Plaintiff provided Settling Defendants with written notice of nonpayment and the opportunity to cure. ECF No. 103-2 ¶ 12. According to Plaintiff's undisputed certification, the default was not cured within the period provided by the Agreement. Settling Defendants, therefore, are in default of their payment obligations, entitling Plaintiff to judgment under the Agreement's default provisions.

Plaintiff also seeks $3,655.00 in attorneys' fees incurred in connection with its efforts to enforce the Agreement. *Id.* ¶11. The Court finds the requested fees reasonable in light of counsel's supporting declaration, itemized services, and hourly rate. ECF No. 103-2 ¶¶ 16-23.

For the reasons above, Plaintiff's motion for entry of judgment is granted. Judgment will be entered against Chai in the amount of $225,877.24, consisting of $222,222.24 in unpaid settlement obligations and $3,655.00 in attorneys' fees. Weinberger is jointly and severally liable for $100,877.24 of that total, reflecting his $150,000.00 personal guarantee, less $52,777.76 in payments received, plus $3,655.00 in attorneys' fees. An appropriate Order and Judgment will follow.

*s/ Justin T. Quinn*
JUSTIN T. QUINN
United States Magistrate Judge

Date: November 18, 2026